**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| O.A., *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:18-cv-02718-RDM |
| Donald J. Trump, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| | | |
| S.M.S.R., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:18-cv-02838-RDM |
| Donald J. Trump, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF FILING

Pursuant to order of the Court issued at oral argument on December 17, 2018, the Defendants hereby submit the notices to appear or orders of expedited removal that the individual named Plaintiffs in these cases have been issued. Because these documents may contain confidential information, and with the consent of Plaintiffs, Defendants are filing these documents under seal.

As the notices to appear demonstrate, in *O.A. v. Trump*, Plaintiffs O.A., K.S., G.Z., D.S., and C.A. are each subject to full removal proceedings before an immigration judge under 8 U.S.C. § 1229a, as the notices to appear have been docketed and calendared with the appropriate immigration courts. *See* Notices to Appear for O.A., K.S., G.Z., D.S., and C.A. In addition, in *S.M.S.R. v. Trump*, both individual named Plaintiffs—S.M.S.R. and R.S.P.S.—are in full removal proceedings before an immigration judge under 8 U.S.C. § 1229a, as the notices to appear have likewise been docketed and calendared with the immigration courts. *See* Notices to Appear for S.M.S.R. and R.S.P.S. Each of these aliens is thus in removal proceedings and their claims are subject to 8 U.S.C. § 1252(a)(5) and (b)(9).

In *O.A. v. Trump*, the remaining individual Plaintiff (A.V.) has been issued an order of expedited removal under 8 U.S.C. § 1225(b), and is therefore formally in expedited removal proceedings. *See* Order of Expedited Removal for A.V. (Upon inspection by an immigration officer, an alien who is subject to expedited removal receives an order of expedited removal, although if such an alien expresses a fear of return or an intention to apply for asylum, the order is not executable until credible fear processing completes. *See* 8 U.S.C. § 1225(b)(1)(a)(i)-(ii), (B)(iii)). But A.V. is currently being prosecuted for illegal entry, and she will not receive her credible fear interview until after the conclusion of her criminal case. Regardless, because she was issued an order of expedited removal, she is subject to a "determination" under 8 U.S.C. § 1225(b), and so is subject to 8 U.S.C. § 1252(e)(3). Congress did not intend that during the expedited removal process, aliens would be able to obtain review outside of the very limited expedited removal review procedures.

Finally, Defendants note several points pertinent to issues raised at oral argument. The Plaintiffs subject to notices to appear are by definition not in expedited removal proceedings. *See* 8 U.S.C. § 1229a. Conversely, the Plaintiff who has not been issued a notice to appear is still be in expedited removal proceedings. *See* 8 U.S.C. § 1225(b)(1). That is, either a Plaintiff is in expedited removal proceedings under 8 U.S.C. § 1225(b)(1) and subject to 8 U.S.C. § 1252(e)(3), or in full removal proceedings under 8 U.S.C. § 1229a and subject to 8 U.S.C. § 1252(a)(5) and (b)(9). Given that Plaintiffs were apprehended at the border and have been charged as inadmissible for being present without admission or parole or for lacking proper entry documentation, *see id.* § 1182(a)(6)(A), (7), 1225(b)(1)(A)(i), there is no other status or process for Plaintiffs—that is, no context in which Congress would have envisioned the opportunity to apply for asylum outside of expedited removal or full removal proceedings or obtain review to matters related to those proceedings in an APA action. *See id.* §§ 1225(b)(1)(A)(2), (2)(A), 1229a(a)(1), (3).

Second, to the extent Plaintiffs suggest that any notice to appear is procedurally defective because it did not contain a date and/or time for an initial hearing at the time it was initially issued or is otherwise inconsistent with *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), they are mistaken. Even if a notice to appear does not contain a date/time for an initial hearing, that does not render the notice procedurally improper so long as an initial hearing date is later disseminated. *See, e.g.*, *Popa v. Holder*, 571 F.3d 890, 895-96 (9th Cir. 2009) ("[A] Notice to Appear that fails to include the date and time of an alien's deportation hearing, but that states that a date and time will be set later, is not defective [under section 239(a)(1)(G)(i)] so long as a notice of the hearing is in fact later sent to the alien.") (citing G*omez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009); *Dababneh v. Gonzales*, 471 F.3d 806, 809-10 (7th Cir. 2006), and *Haider v. Gonzales*, 438 F.3d 902, 907 (8th Cir. 2006)). And *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which involved the "stop-time rule" and cancellation of removal, which is not at issue here, does nothing to disturb that settled rule. *See Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 443-45 (BIA 2018) (distinguishing *Pereira*, and holding that a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of section 239(a) of the Immigration and Nationality Act,

8 U.S.C. § 1229(a) (2012), so long as a notice of hearing specifying this information is later sent to the alien); *Hernandez-Perez v. Whitaker*, No. 18-3137, 2018 WL 6580478, at *5 (6th Cir. Dec. 14, 2018) ("We agree with the Board that *Pereira* is an imperfect fit in the jurisdictional context and it does not mandate a different conclusion than the one already reached by this court and all our sister circuits."). Here, each individual Plaintiff who been issued a notice to appear has been issued both the notice to appear itself, which has been filed with the relevant immigration court, and a notice of hearing date. There is thus no basis to suggest that the notices are in any way defective or that Plaintiffs subject to those notices are not lawfully subject to removal proceedings under 8 U.S.C. § 1229a.

//

//

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        SCOTT G. STEWART
        Deputy Assistant Attorney General

        AUGUST E. FLENTJE
        Special Counsel

        WILLIAM C. PEACHEY
        Director

By: /s/ *Erez Reuveni*
        EREZ REUVENI
        Assistant Director
        Office of Immigration Litigation
        U.S. Department of Justice, Civil Division
        P.O. Box 868, Ben Franklin Station
        Washington, DC 20044
        Tel: (202) 307-4293
        Email: Erez.R.Reuveni@usdoj.gov

        PATRICK GLEN
        Senior Litigation Counsel

        JOSEPH DARROW
        FRANCESCA GENOVA
        KATHRYNE GRAY
        CHRISTINA GREER
        BENTON YORK
        Trial Attorneys

Dated: December 18 2018        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division