IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| O.A., *et al.*, on behalf of themselves and all others similarly situated,<br><br>    *Plaintiffs*,<br> v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:18-cv-02718-RDM |

## O.A. PLAINTIFFS' SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

The O.A. Plaintiffs write to inform the Court of a factual development and a factual discrepancy that have surfaced since the Government submitted its Statement of Material Facts Not in Genuine Dispute and its Supplemental Brief following the Court's May 29, 2019 hearing.

First, the Government contended in its supplemental brief that G.R. remains in removal proceedings because an appeal of her bond determination remained pending. *See* Gov't Supp. Br. at 7 n.8. Setting aside the fact that G.R.'s bond appeal was already moot at the time the Government submitted its brief—G.R. had been granted asylum on April 1, 2019 and was, as a result, no longer in custody—Plaintiffs wish to notify the Court that G.R.'s bond appeal is no longer pending before the Board of Immigration Appeals, which granted G.R.'s motion to withdraw her moot appeal on June 20, 2019. *See* Ex. A.[1]

Second, the Government stated in its supplemental brief that "D.R. and P.R. . . . were each found to have a credible fear of persecution prior to December 18." Gov't Supp. Br. at 1. The

---

[1] A redacted version of Exhibit A that removes G.R.'s name has been filed herewith. The O.A. Plaintiffs are simultaneously moving for leave to file the unredacted version under seal.

Government does not cite any evidence in support of that assertion, which is not entirely correct. Although D.R. and P.R. were interviewed on December 17, 2018, the credible fear determination was not approved by a supervisor until December 18, 2018, the day the amended complaint was filed. But the Court need not wade into this factual dispute because the date of the credible fear determination does not matter. It is undisputed that D.R. and P.R. did not receive NTAs initiating ordinary removal proceedings until December 19, 2018, Gov't Supp. Br. at 4, *after* they joined the case as Plaintiffs. As Plaintiffs have explained, D.R. and P.R. remained in expedited removal until ordinary removal proceedings were commenced with the filing of the NTA. *See* 8 C.F.R. § 1239.1(a).

Dated: June 27, 2019                    Respectfully submitted,

/s/Thomas G. Hentoff
Thomas G. Hentoff (D.C. Bar No. 438394)
Ana C. Reyes (D.C. Bar No. 477354)
Ellen E. Oberwetter (D.C. Bar No. 480431)
Mary Beth Hickcox-Howard (D.C. Bar No. 1001313)
Charles L. McCloud[*]
Matthew D. Heins (D.C. Bar No. 241063)
Vanessa O. Omoroghomwan[*]
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

Hardy Vieux (D.C. Bar No. 474762)
HUMAN RIGHTS FIRST
805 15th Street, N.W., Suite 900
Washington, D.C. 20005
Tel: (202) 547-5692
Fax: (202) 553-5999

Eleni Rebecca Bakst[*]

---

[*] Pursuant to LCvR 83.2(g).

Anwen Hughes[*]
HUMAN RIGHTS FIRST
75 Broad Street, 31st Floor
New York, New York 10004
Tel: (212) 845-5200
Fax: (212) 845-5299

Charles George Roth[*]
Keren Hart Zwick (D.D.C. Bar No. IL0055)
Gianna Borroto[*]
Ruben Loyo[*]
NATIONAL IMMIGRANT JUSTICE CENTER
208 S. LaSalle Street, Suite 1300
Chicago, Illinois 60604
Tel: (312) 660-1370
Fax: (312) 660-1505

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system.  Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                        /s/Thomas G. Hentoff
                                        Thomas G. Hentoff (D.C. Bar No. 438394)

# EXHIBIT A

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: ███████ – Dallas, TX

In re: G████ R████

Date:

JUN 20 2019

IN BOND PROCEEDINGS

APPEAL AND MOTION

ON BEHALF OF RESPONDENT: Pilar Ventura Ferguson, Esquire

APPLICATION: Redetermination of custody status

The respondent appealed the bond decision of the Immigration Judge, dated January 30, 2019, which denied her request for a redetermination of her custody status. On June 17, 2019, the respondent, represented by counsel, filed a motion to withdraw the bond appeal. *See* 8 C.F.R. § 1003.4. The motion will be granted.

Accordingly, the following orders are entered.

ORDER: The motion to withdraw the bond appeal is granted.

FURTHER ORDER: The appeal is withdrawn and the record is returned to the Immigration Court without further action.

_____  
FOR THE BOARD