UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| O.A., *et al.*,<br><br>and<br><br>S.M.S.R., *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity, *et al.*,<br><br>   Defendants. | Civil Action Nos. 1:18-2718, 1:18-2838 |

**DEFENDANTS' RESPONSE TO DOCUMENT TITLED "SUPPLEMENTAL STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE" FILED BY O.A. PLAINTIFFS**

  Defendants provide the following response to the June 27 document titled "Supplemental Statement of Material Facts not in Genuine Dispute" filed by the O.A. Plaintiffs, ECF 85.

  Plaintiffs assert that "G.R.'s bond appeal was already moot at the time the Government submitted its [supplemental] brief" because "G.R. had been granted asylum on April 1, 2019 and was, as a result, no longer in custody," and they also state that G.R.'s bond appeal is no longer pending as of June 20, 2019, when G.R.'s motion to withdraw her bond appeal was granted. ECF 85 at 1. But this status update relating to G.R.'s bond appeal is irrelevant because G.R. has been granted asylum and the deadline for any appeal of her grant of asylum has already passed. *See* 8 C.F.R. § 1003.38(b) (providing for a 30-day appeal deadline of a decision rendered by an immigration judge). Because G.R. was granted asylum, her challenges to the asylum rule in this case are moot: there is no case or controversy concerning the standards that will govern her eligibility for asylum. *See, e.g.*, *Lora v. Shanahan*, 719 F. App'x 79, 80 (2d Cir. 2018) ("Once cancellation of removal was granted to Petitioner [] the case no longer presented an actual dispute between the parties, rendering the case moot.") (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). For the same reasons, G.R. also lacks any

1

cognizable injury to give her Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also* ECF 66 at 39-41.

      Plaintiffs are also mistaken in their assertion that D.R. and P.R. "remained in expedited removal until ordinary removal proceedings were commenced with the filing of the NTA." ECF 85 at 2. D.R. and P.R. each received positive credible fear determinations on December 18, 2018, which means that they ceased to be subject to expedited removal proceedings by operation of law on that date. *See* 8 C.F.R. § 208.30(f). While their removal proceedings under 8 U.S.C. § 1229a formally "commenced" as of the date they were issued NTAs, they were nonetheless no longer subject to any expedited removal process and instead subject to full removal proceedings as of the date they received positive credible fear determinations. *See* Defs. Supplemental Brief at 1 & n.1. In any event, as Defendants explained, *id.* at 3-4 (collecting cases), "[r]egardless of the fact that Defendants issued the NTA charging [some Plaintiffs] with removability after the commencement of this action, the pendency of removal proceedings now means that [those Plaintiffs'] claims are not ripe for this Court's review." *Ansaldo v. United States*, No. 16-cv-328-CMA, 2018 WL 1084144, at *2-3 (D. Colo. Feb. 28, 2018); *see, e.g.*, *Cabaccang v. USCIS*, 627 F.3d 1313, 1317 (9th Cir. 2010) ("after-arising events," including "the subsequent initiation of removal proceedings," "can defeat jurisdiction by negating the ripeness of a claim").

Dated:  July 2, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

/s/ *Kathryne M. Gray*_____
KATHRYNE M. GRAY
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 858, Ben Franklin Station
Washington, DC 20044
(202) 305-7386
kathryne.m.gray@usdoj.gov

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Kathryne M. Gray*_____
KATHRYNE M. GRAY
U.S. Department of Justice