## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| O.A., *et al.*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| S.M.S.R., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action Nos. 1:18-2718, 1:18-2838 |
| | ) | |
| DONALD J. TRUMP, in his official | ) | |
| capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendants submit the following Statement of Material Facts not in Genuine Dispute in support of their justiciability arguments in Defendants' Cross-Motion for Summary Judgment.[1]

---

[1] The Government filed the Administrative Record in this case with the Court on February 15, 2019, and served it on Plaintiffs on the same day.  Pursuant to the Comment to Local Rule 7(h), statements of material fact are not required in cases seeking review under the Administrative Procedure Act (APA).  This statement generally provides material facts not in genuine dispute that are outside of the administrative record only as they relate to the justiciability issues in this case.  To the extent Plaintiffs' Statements of Material Facts made representations about alleged facts contained in the administrative record or characterizations of the rule and proclamation at issue in this case, the record, rule, and proclamation speak for themselves and, as such, Defendants need not provide any counter statement.  For any other asserted facts in Plaintiffs' Statements relating to subjects outside the administrative record or otherwise consisting of argumentation or facts not related to the justiciability issues in this case, Defendants dispute Plaintiffs' characterization of them as undisputed material facts and generally deny all such assertions by Plaintiffs.  Those include paragraphs 1-6 of the O.A. Plaintiffs' Statement of Material Facts, ECF 51-1, and paragraphs 1-21 of the S.M.S.R. Plaintiffs' Statement of Material Facts, ECF 52-2.

1.     No Plaintiff has had the interim final rule entitled "Aliens Subject to a Bar on Entry Under Certain Presidential Proclamations; Procedures for Protection Claims" (the "rule") applied to him or her.

2.     The rule was preliminarily enjoined by the U.S. District Court for the Central District of California on December 19, 2018.  *See East Bay Sanctuary Covenant v. Trump*, No. 3:18-cv-6810-JST (N.D. Cal. 2018).  The Ninth Circuit subsequently denied the Government's motion to stay the injunction pending appeal.  *See East Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219 (9th Cir. 2018).  The U.S. Supreme Court denied the Government's motion to stay the injunction as well.  *See Trump v. East Bay Sanctuary Covenant*, 139 S. Ct. 782 (2018).

3.     Plaintiffs' various characterizations of the conditions in Northern Triangle countries (and Plaintiffs' alleged reasons for leaving those countries) are—obviously—disputed.  The same is—again, obviously—true for Plaintiffs' various assertions regarding the merit of their asylum claims or their eligibility for asylum.  As the government has repeatedly explained, this Court is not the venue for Plaintiffs to make such assertions—and it is certainly not the forum in which to claim that such assertions are somehow "undisputed."  The appropriate venue to raise these assertions is in removal proceedings and in any judicial review following such proceedings.

4.     Eighteen of the nineteen Plaintiffs in this case—D.S., C.A., G.Z., O.A., K.S., D.R., P.R., G.R., S.M.S.R., R.S.P.S., L.V.C.R., C.S.C.C., R.G.G., N.A.G.A., K.P.P.V., R.D.P.V., A.J.E.A.M., and Y.A.L.P—have been referred for full removal proceedings under 8 U.S.C. § 1229a, after having been found in the United States unlawfully.[2]  Their removal proceedings are ongoing.

---

[2] Since Defendants filed their cross-motion for summary judgment on February 25, 2019, Plaintiffs have stated that A.J.A.C. is not actually a plaintiff in this case.  ECF 72 at 3 n.2.  Defendants' discussion relating to A.J.A.C.'s immigration proceedings in their motion for summary judgment, *see* ECF 66 at 5-6, 11, is thus immaterial and this Statement omits facts related to A.J.A.C.

5.      Each of the eighteen Plaintiffs in removal proceedings under 8 U.S.C. § 1229a have been issued Notices to Appear (NTAs), along with a scheduled immigration court date.

6.      Plaintiffs' various assertions regarding Plaintiffs' purported eligibility for asylum are— obviously—disputed.  This Court is not the proper venue to make such assertions in any event— particularly insofar as Plaintiffs characterize these assertions as somehow "undisputed."

**Plaintiffs O.A. and K.S.**

7.      After their entry into the United States on November 13, 2018, Plaintiffs O.A. and K.S. were issued NTAs on November 15, 2018, and placed directly into removal proceedings under 8 U.S.C. 1229a, following apprehension and inspection.  *See* 8 U.S.C. § 1225(b)(2)(A) (providing that aliens not subject to expedited removal orders / certain applicants for admission may be placed directly into § 1229a removal proceedings without first going through the credible fear process).  ECF 37.  The NTAs were filed with the immigration court on December 14, 2018.  O.A. and K.S. were personally served with the NTAs on November 15, 2018.  ECF 37.  The NTAs charged them with being aliens present in the United States who have not been admitted or paroled or who arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i). ECF 37.  The NTAs ordered O.A. and K.S. to appear in immigration court in Charlotte, North Carolina, for removal proceedings on January 31, 2019, at 12:00 p.m.  ECF 37.

8.      O.A. and K.S. were issued Notices of Hearing in Removal Proceedings on December 17, 2018, ordering them to appear for an initial master calendar hearing before the immigration court in Charlotte, North Carolina, on November 19, 2019, at 8:30 a.m.  ECF 37.

9.      Plaintiffs O.A. and K.S. remain in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiffs D.S. and C.A.**

10.     After their entry into the United States on November 13, 2018, Plaintiffs D.S. and C.A. were issued NTAs on November 14, 2018, and placed directly into removal proceedings under 8 U.S.C. § 1229a, following apprehension and inspection. *See* 8 U.S.C. § 1225(b)(2)(A) (providing that aliens not subject to expedited removal orders and certain applicants for admission may be placed directly into § 1229a removal proceedings without first going through the credible fear process). ECF 37.  The NTAs were filed with the immigration court in New Orleans, Louisiana, on December 14, 2018.  D.S. and C.A. were personally served with the NTAs on November 14, 2018.  ECF 37.  The NTAs charged them with being aliens present in the United States who have not been admitted or paroled or who arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i).  ECF 37.  The NTAs ordered D.S. and C.A. to appear in immigration court in Atlanta, Georgia, for removal proceedings on January 31, 2019, at 12:00 p.m. ECF 37.

11.     Plaintiffs D.S. and C.A. were issued Notices of Hearing in Removal Proceedings on December 17, 2018, ordering them to appear for an initial master calendar hearing before the immigration court in New Orleans, Louisiana, on January 7, 2019, at 9:30 a.m.  ECF 37.  D.S.'s and C.A.'s hearing was rescheduled for March 11, 2019, due to the lapse in government funding for the Department of Justice, which impacted the operations of the immigration courts.  Ex. A, Hearing Notices for D.S. and C.A.

12.     On February 5, 2019, an immigration judge administratively joined Plaintiff C.A.'s case with that of his parent, D.S.  Ex. B, Decl. of Elizabeth Burgus, at 1-2.

13.     On March 11, 2019, a master calendar hearing before the immigration court was held in Plaintiffs D.S.'s and C.A.'s cases.  D.S. and C.A. expressed their intent to apply for asylum and an

individual merits hearing has been scheduled for June 18, 2019, on D.S.'s application for asylum, for which C.A. is a derivative beneficiary.  Ex. A, Hearing Notices for D.S. and C.A.; Ex. B, Decl. of Elizabeth Burgus, at 1-2.

14.     Plaintiffs D.S. and C.A. remain in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiff G.Z.**

15.     After his entry into the United States on November 10, 2018, Plaintiff G.Z.—an unaccompanied alien child ("UAC")—was issued a NTA on November 11, 2018, and placed directly into removal proceedings under 8 U.S.C. § 1229a, following apprehension and inspection.  *See* 8 U.S.C. § 1225(b)(2)(A); *see also id.* § 1232(a)(5)(D)(i) (providing that UACs are placed directly into removal proceedings if their removal is sought).  ECF 37.  The NTA was filed with the immigration court in Chicago, Illinois, on December 13, 2018.  The NTA ordered G.Z. to appear for removal proceedings at a date and time to be determined.  ECF 37.  G.Z. was personally served with the NTA on November 11, 2018.  ECF 37.  The NTA charged G.Z. with being an alien present in the United States without being admitted or paroled or who arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i).  ECF 37.

16.     Plaintiff G.Z. was issued a Notice of Hearing in Removal Proceedings on December 14, 2018, ordering him to appear for an initial master calendar hearing before the immigration court in Chicago, Illinois, on December 27, 2018, at 9:00 a.m.  ECF 37.  The hearing was postponed due to a weather-related court closure and was rescheduled for January 17, 2019.  Ex. B, Decl. of Elizabeth Burgus, at 3.

17.     On January 17, 2019, Plaintiff G.Z. appeared with counsel at an initial master calendar hearing and submitted a motion to terminate.  The hearing was adjourned for a juvenile home study to

be conducted.  Ex. B, Decl. of Elizabeth Burgus, at 3.  The next master calendar hearing is scheduled

for June 13, 2019.  Ex. C, Hearing Notices for G.Z.

18.     Plaintiff G.Z. remains in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiffs D.R., P.R., and G.R.**

19.     Plaintiffs D.R., P.R., and G.R. were added to this lawsuit on December 18, 2018.  ECF 40.

**Plaintiff D.R.**

20.     After her entry into the United States on November 13, 2018, Plaintiff D.R. was referred

to USCIS for a credible fear interview on December 3, 2018.  Ex. D, Decl. of Arthur Hale at 1.  USCIS

conducted a credible fear interview on December 17, 2018, and D.R. received a positive credible fear

determination.  *Id.*

21.     Plaintiff D.R. was issued a NTA on December 19, 2018, ordering her to appear for removal

proceedings in immigration court in Dallas, Texas, on a date and time to be determined.  *See* ECF 67-

69 (sealed exhibits to Defendants' Cross-MSJ).  The NTA was filed with the immigration court in

Dallas, Texas, on January 10, 2019.  D.R. was personally served with the NTA on December 28, 2018.

*See id.*  The NTA charged D.R. with being an alien present in the United States who has not been

admitted or paroled or who has arrived in the United States at a time and place other than as designated

by the Attorney General under INA § 212(a)(6)(A)(i), and as an alien who did not possess or present

a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport

or other suitable travel document or document of identity and nationality as required by regulations

under INA § 212(a)(7)(A)(i)(I).  *See id.*

22.      D.R. was issued a Notice of Hearing in Removal Proceedings on January 10, 2019,

ordering her to appear through videoconference for an initial master calendar hearing before the

immigration court in Dallas on January 15, 2019.  Ex. E, Hearing Notices for D.R.

23.     On January 15, 2019, Plaintiff D.R. appeared with counsel for an initial master calendar hearing before the immigration court.  The hearing was adjourned to January 29, 2019, at D.R.'s request.  *Id.*

24.     The master calendar hearing scheduled for January 29, 2019, in Plaintiff D.R.'s case was postponed to January 30, 2019, for docket management purposes.  *Id.*  A custody hearing was also scheduled for January 30, 2019.  Ex. B, Decl. of Elizabeth Burgus, at 4.

25.     On January 30, 2019, D.R. appeared with counsel for a custody hearing and a master calendar hearing.  D.R. was granted bond, and her master calendar hearing was continued to allow her time to file an application for relief from removal.  Ex. E, Hearing Notices for D.R.

26.     A master calendar hearing before the immigration court in Plaintiff D.R.'s case has been scheduled for November 27, 2019.  Ex. E, Hearing Notices for D.R.

27.     Plaintiff D.R. is not presently in immigration detention, after she posted bond and was released on February 13, 2019.  Ex. B, Decl. of Elizabeth Burgus, at 4.  *See also* Ex. F, Decl. of Joshua Johnson.

28.     On February 14, 2019, Plaintiff D.R.'s case was transferred to the non-detained immigration court in Dallas, Texas, and the court granted her motion to change venue to New York City on March 31, 2019.  *Id.*

29.     Plaintiff D.R. remains in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiff P.R.**

30.     After her entry into the United States on or about November 13, 2018, Plaintiff P.R. was referred to USCIS for a credible fear interview on December 3, 2018.  Ex. D, Decl. of Arthur Hale, at 1.  USCIS conducted a credible fear interview on December 17, 2018, and P.R. received a positive credible fear determination.  *Id.*

31. Plaintiff P.R. was issued a NTA on January 15, 2019, ordering her to appear for removal proceedings before the immigration court in Dallas, Texas, on a date and time to be determined. *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ); Ex. G, Hearing Notices for P.R. The NTA was filed with the immigration court in Dallas, Texas, on January 17, 2019. P.R. was personally served with the NTA on January 17, 2019. *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ); Ex. G, Hearing Notices for P.R. The NTA charged P.R. with being an alien present in the United States who has not been admitted or paroled or who has arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i), and as an alien who did not possess or present a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I). *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ); Ex. G, Hearing Notices for P.R.

32. P.R. was issued a Notice of Hearing in Removal Proceedings on January 17, 2019, ordering her to appear through videoconference for an initial master calendar hearing before the immigration court in Dallas, Texas, on January 28, 2019, at 1:30 p.m. Ex. G, Hearing Notices for P.R. On January 28, 2019, Plaintiff P.R. appeared with counsel for an initial master calendar hearing before the immigration court. The hearing was adjourned to February 27, 2019, at P.R.'s request. *Id.*

33. On February 8, 2019, Plaintiff P.R. appeared with counsel for a custody hearing. P.R. was granted bond at the conclusion of the hearing. *Id.*

34. Plaintiff P.R. is not presently in immigration detention, after she posted bond and was released on February 13, 2019. Ex. B, Decl. of Elizabeth Burgus, at 5. *See also* Ex. F, Decl. of Joshua Johnson.

35.     A master calendar hearing before the immigration court has been scheduled in Plaintiff P.R.'s case for August 28, 2019.  *Id.*

36.     Plaintiff P.R. remains in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiff G.R.**

37.     After Plaintiff G.R.'s entry into the United States on November 13, 2018, G.R. was referred to USCIS for a credible fear interview on November 28, 2018.  USCIS conducted a credible fear interview on December 5, 2018, and G.R. received a positive credible fear determination.  Ex. D, Decl. of Arthur Hale, at 2.

38.     Plaintiff G.R. was issued a NTA on December 12, 2018, ordering G.R. to appear for removal proceedings before the immigration court in Dallas, Texas, at a date and time to be determined.  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  The NTA was filed with the immigration court in Dallas, Texas, on December 28, 2018.  G.R. was personally served with the NTA on December 20, 2018.  *See id.*  The NTA charged G.R. with being an alien present in the United States who has not been admitted or paroled or who has arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i), and as an alien who did not possess or present a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I).  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).

39.     G.R. was issued a Notice of Hearing in Removal Proceedings on December 28, 2019, ordering her to appear through videoconference for an initial master calendar hearing before the immigration court in Dallas on January 3, 2019, at 1:30 p.m.  Ex. H, Hearing Notices for G.R. and Grant of Asylum.  On January 3, 2019, Plaintiff G.R. appeared for an initial master calendar hearing

before the immigration court.  The hearing was adjourned until January 28, 2019, for G.R. to obtain counsel.  *Id.*; Ex. B, Decl. of Elizabeth Burgus, at 5.

40.     Plaintiff G.R.'s January 28 hearing was postponed to January 30, 2019, for docket management purposes.  A custody hearing was also scheduled for January 30, 2019.  Ex. H; Ex. B, Decl. of Elizabeth Burgus, at 5.

41.     On January 30, 2019, Plaintiff G.R. appeared for a custody hearing and a master calendar hearing before the immigration court.  G.R. was denied bond by the immigration judge, and the master calendar hearing was adjourned to February 20, 2019, to allow G.R. time to file an application for relief from removal.   Ex. H; Ex. B, Decl. of Elizabeth Burgus, at 5.

42.     On February 20, 2019, Plaintiff G.R. appeared with counsel for a master calendar hearing and submitted an application for relief from removal.  The case was adjourned for an individual merits hearing set for April 1, 2019.   Ex. H; Ex. B, Decl. of Elizabeth Burgus, at 5.

43.     On February 25, 2019, Plaintiff G.R. filed an appeal of the immigration judge's decision denying her bond with the Board of Immigration Appeals (BIA).  The appeal is pending.  Ex. B, Decl. of Elizabeth Burgus, at 5.

44.     On April 1, 2019, at her individual merits hearing, an immigration judge granted Plaintiff G.R.'s application for asylum, and she was released on April 2, 2019.  Ex. H.  *See also* Ex. F, Decl. of Joshua Johnson.

45.     Plaintiff G.R.'s removal proceedings under 8 U.S.C. § 1229a are ongoing due to her pending bond appeal.

**Plaintiff A.V.**

46.     After entering the United States on November 11, 2018, Plaintiff A.V. was issued a Notice and Order of Expedited Removal under 8 U.S.C. § 1225(b)(1) on November 12, 2018.  *See* Ex. I, NTA for A.V.; *see also* ECF 22-6, Decl. of Dwain R. Holmes.

47.     On November 13, 2018, U.S. Customs and Border Protection ("CBP") transferred custody of Plaintiff A.V. to the U.S. Marshals Service.  Plaintiff A.V. is currently facing criminal prosecution.  *See* Case No. 3: 18-mj-22759 (S.D. Cal.).  Because A.V. is subject to criminal prosecution, she was not referred to USCIS for a credible fear interview.

48.     A.V. was issued a NTA on May 24, 2019, ordering A.V. to appear for removal proceedings before the immigration court in Arlington, Virginia, at a date and time to be determined.  *See* Ex. I, NTA for A.V.  A.V. was served with the NTA via certified mail on May 24, 2019.  *Id.*  The NTA charged A.V. with being an alien present in the United States who has not been admitted or paroled or who has arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i), and as an alien who did not possess or present a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I).  *Id.*

49.     Defendants dispute ever "assert[ing] that the Rule is applicable to each plaintiff," as Plaintiffs claim in their Statement of Material Facts.  ECF 51-1 at 4 (no citation provided).

**Plaintiffs S.M.S.R. and R.S.P.S.**

50.     After their entry into the United States on November 10, 2018, Plaintiffs S.M.S.R. and R.S.P.S. had a credible fear interview with USCIS and received positive credible fear findings by

USCIS on November 21, 2018.  Ex. J, Credible Fear Worksheet and Hearing Notices for S.M.S.R. and R.S.P.S.

51.     On November 21, 2018, Plaintiffs S.M.S.R. and R.S.P.S. were issued NTAs ordering them to appear for removal proceedings before the immigration court in Pearsall, Texas, at a date and time to be determined.  ECF 37.  The NTAs were filed with the immigration court in Houston, Texas, on December 14, 2018.  S.M.S.R. and R.S.P.S. were personally served with the NTAs on November 27, 2018.  *Id.*  The NTAs charged them with being aliens present in the United States who have not been admitted or paroled or who has arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i), and as aliens who did not possess or present a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I).  *Id.*

52.     S.M.S.R. and R.S.P.S. were issued Notices of Hearing in Removal Proceedings on December 15, 2018, ordering them to appear for a master calendar hearing before the immigration court in Houston, Texas, on January 3, 2019, at 1:00 p.m.  ECF 37.

53.     Plaintiffs S.M.S.R.'s and R.S.P.S.'s initial master calendar hearing was rescheduled to July 30, 2019, because of the lapse in government funding for the Department of Justice, which impacted the operations of the immigration courts.  Ex. J, Credible Fear Worksheet and Hearing Notices for S.M.S.R. and R.S.P.S.

54.     Plaintiffs S.M.S.R. and R.S.P.S. remain in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiffs L.V.C.R. and C.S.C.C.**

55.     After their entry into the United States on November 18, 2018, Plaintiffs L.V.C.R. and C.S.C.C. were interviewed for credible fear by USCIS and received positive credible fear findings on December 1, 2018.  Ex. K, Credible Fear Worksheet and Hearing Notices for L.V.C.R. and C.S.C.C.

56.     On December 1, 2018, Plaintiffs L.V.C.R. and C.S.C.C. were issued NTAs ordering them to appear in removal proceedings before the immigration court in Pearsall, Texas, on a date and time to be determined.  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  The NTAs were filed with the immigration court in Atlanta, Georgia, on February 22, 2019.  L.V.C.R. and C.S.C.C were personally served with the NTAs on December 5, 2018.  *See id.*  The NTAs charged L.V.C.R. and C.S.C.C with being aliens present in the United States who have not been admitted or paroled or who have arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i), and as aliens who did not possess or present a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I).  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).

57.     L.V.C.R. and C.S.C.C. were issued Notices of Hearing in Removal Proceedings on March 28, 2019, ordering them to appear for a master calendar hearing before the immigration court in Atlanta, Georgia, on April 23, 2019, at 8:30 a.m.  *See* ECF 76-1 (Ex. A to Defendants' Reply).

58.     On April 23, 2019, Plaintiffs L.V.C.R. and C.S.C.C. appeared with counsel for an initial master calendar hearing before the immigration court and conceded proper service of the NTAs dated December 1, 2018.  L.V.C.R. and C.S.C.C. admitted the factual allegations as charged in the NTAs and denied the charge of removability in the NTAs.  The hearing was adjourned at the request of L.V.C.R. and C.S.C.C. to allow them time to file applications for relief from removal.  Ex. K.

59.    The next master calendar hearing for Plaintiffs L.V.C.R. and C.S.C.C. is scheduled for June 11, 2019.  *Id.*

60.    Plaintiffs L.V.C.R. and C.S.C.C. remain in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiffs R.G.G. and N.A.G.A.**

61.    After their entry into the United States on November 17, 2018, Plaintiffs R.G.G. and N.A.G.A. were interviewed for credible fear by USCIS and received positive credible fear findings on December 7, 2018.  Ex. L, Credible Fear Worksheet and Hearing Notices for R.G.G. and N.A.G.A.

62.    On December 7, 2018, Plaintiffs R.G.G. and N.A.G.A. were issued NTAs ordering them to appear for removal proceedings before the immigration court in San Antonio, Texas, on a date and time to be determined.  *See* ECF 76-2 (Ex. B to Defendants' Reply).  The NTAs were filed with the immigration court in Miami, Florida, on February 21, 2019.  R.G.G. and N.A.G.A. were personally served with the NTAs on December 7, 2018.  *See* ECF 76-2 (Ex. B to Defendants' Reply).  The NTAs vacated the expedited removal orders against R.G.G. and N.A.G.A. pursuant to 8 C.F.R. § 208.30, and charged R.G.G. and N.A.G.A. with being aliens present in the United States without being admitted or paroled or who have arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i), and as aliens who did not possess or present a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I).  *See* ECF 76-2 (Ex. B to Defendants' Reply).

63.    Plaintiffs R.G.G. and N.A.G.A. were issued Notices of Hearing in Removal Proceedings on March 28, 2019, ordering them to appear for a master calendar hearing before the immigration court in Miami, Florida, on April 30, 2019, at 9:00 a.m.  *See* ECF 76-2 (Ex. B to Defendants' Reply).

*64.*     On April 30, 2019, Plaintiffs R.G.G. and N.A.G.A. appeared with counsel for an initial master calendar hearing before the immigration court and conceded proper service of the NTAs dated December 7, 2018.  Ex. L, Credible Fear Worksheet and Hearing Notices for R.G.G. and N.A.G.A. R.G.G. and N.A.G.A. admitted the factual allegations charged in the NTAs and conceded the charges of removability contained in the NTAs.  *Id.*  The hearing was adjourned at the request of R.G.G. and N.A.G.A. to allow them time to file applications for relief from removal.  *Id.*

65.     The next individual merits hearing for Plaintiffs R.G.G. and N.A.G.A. is scheduled for January 17, 2020.  *Id.*

66.     Plaintiffs R.G.G. and N.A.G.A. remain in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiff A.J.E.A.M.**[3]

67.     After his entry into the United States on or about November 15, 2018, Plaintiff A.J.E.A.M. was interviewed for credible fear by USCIS and received a positive credible fear finding on November 29, 2018.  Ex M, Credible Fear Worksheet and Hearing Notices for A.J.E.A.M.

68.     On November 29, 2018, Plaintiff A.J.E.A.M. was issued a NTA ordering him to appear for removal proceedings before the immigration court in San Antonio, Texas, on January 31, 2019, at a time to be determined.  The NTA was filed with the immigration court in Fort Snelling, Minnesota, on February 25, 2019.  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  A.J.E.A.M. was personally served with the NTA on December 2, 2018.  *See id.*  The NTA charged A.J.E.A.M. with being an alien present in the United States without being admitted or paroled or who has arrived in the

---

[3] Plaintiffs have stated that A.J.A.C., who accompanied A.J.E.A.M. entering the country, is not a party to this suit.  *See* ECF 72 at 3 n.2.  Thus, because facts relating to A.J.A.C.'s immigration proceedings are not material to the Court's determination on summary judgment, it is unnecessary to respond to Plaintiffs' assertions relating to A.J.A.C.  *See* ECF 52-2 ¶¶ 35-37, 39.

United States at a time and place other than as designated by the Attorney General under INA §
212(a)(6)(A)(i), and as an alien who did not possess or present a valid entry document required by the
Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or
document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I).  *See*
ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).

69.     Plaintiff A.J.E.A.M. was issued a Notice of Hearing in Removal Proceedings on March 28,
2019, ordering him to appear for a master calendar hearing before the immigration court in Fort
Snelling, Minnesota, on September 23, 2019, at 9:00 a.m.  *See* Ex M, Credible Fear Worksheet and
Hearing Notices for A.J.E.A.M.[4]

70.     An initial master calendar hearing for Plaintiff A.J.E.A.M. has been scheduled for
September 23, 2019.  *Id.*

71.     Plaintiff A.J.E.A.M. remains in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiffs K.P.P.V. and R.D.P.V.**

72.     After their entry into the United States on or about November 20, 2018, Plaintiffs K.P.P.V.
and R.D.P.V. were interviewed for credible fear by USCIS and received positive credible fear findings
on December 18, 2018.  Ex. N, Credible Fear Worksheet and Hearing Notices for K.P.P.V. and
R.D.P.V.

73.     Plaintiffs K.P.P.V. and R.D.P.V. were issued NTAs on December 18, 2018, ordering them
to appear for removal proceedings before the immigration court in Pearsall, Texas, on a date and time
to be determined.  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  The NTAs were filed
with the immigration court in Houston, Texas, on January 28, 2019.  K.P.P.V. and R.D.P.V. were

---

[4] A.J.E.A.M. was initially issued a Notice of Hearing in Removal Proceedings on March 12, 2019,
to the original address he provided.  He was sent a new Notice to his updated address on March
28, 2019.  Both notices ordered him to appear on September 23, 2019.  *See* Ex. M.

personally served with the NTAs on December 21, 2018.  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  The NTAs vacated the expedited removal orders against K.P.P.V. and R.D.P.V. pursuant to 8 C.F.R. § 208.30, and charged them with being aliens present in the United States without being admitted or paroled or who have arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i), and as aliens who did not possess or present a valid entry document required by the Immigration and Nationality Act and a valid unexpired passport or other suitable travel document or document of identity and nationality as required by regulations under INA § 212(a)(7)(A)(i)(I).  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).

74.     K.P.P.V. and R.D.P.V. were issued Notices of Hearing in Removal Proceedings on January 29, 2019, ordering them to appear for an initial master calendar hearing before the immigration court in Houston, Texas, on February 11, 2019, at 8:30 a.m.  Ex. N, Credible Fear Worksheet and Hearing Notices for K.P.P.V. and R.D.P.V.  On February 11, 2019, Plaintiffs K.P.P.V. and R.D.P.V. appeared with counsel for an initial master calendar hearing to take pleadings on the NTAs dated December 18, 2018.  K.P.P.V. and R.D.P.V. admitted the factual allegations charged in the NTAs and conceded the charges of removability contained in the NTAs.  The hearing was adjourned at the request of K.P.P.V. and R.D.P.V. to allow them time to file applications for relief from removal.  Ex. B, Decl. of Elizabeth Burgus, at 9-10.

75.     On March 11, 2019, Plaintiffs K.P.P.V. and R.D.P.V. appeared with counsel for the master calendar hearing.  The matter was continued for an individual merits hearing on November 5, 2019.  *Id.*; Ex. N.

76.     Plaintiffs K.P.P.V. and R.D.P.V. remain in pending removal proceedings under 8 U.S.C. § 1229a.

**Plaintiff Y.A.L.P.**

77.     After her entry into the United States on November 26, 2018, Plaintiff Y.A.L.P.—an UAC—was issued a NTA on November 26, 2018, and placed directly into removal proceedings under 8 U.S.C. § 1229a, following apprehension and inspection.  *See* 8 U.S.C. § 1225(b)(2)(A); *see also id.* § 1232(a)(5)(D)(i) (providing that UACs need not first obtain a positive credible fear finding by USCIS and are instead placed directly into removal proceedings if their removal is sought).  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  The NTA was filed with the immigration court in Arlington, Virginia, on December 21, 2018.  Y.A.L.P. was personally served with the NTA on November 26, 2018, but refused to sign the NTA acknowledging service.  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  The NTA charged Y.A.L.P. with being an alien present in the United States without being admitted or paroled or who has arrived in the United States at a time and place other than as designated by the Attorney General under INA § 212(a)(6)(A)(i).  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).  The NTA ordered her to appear for removal proceedings before the immigration court in Arlington, Virginia, at a date and time to be determined.  *See* ECF 67-69 (sealed exhibits to Defendants' Cross-MSJ).

78.     Plaintiff Y.A.L.P. was issued a Notice of Hearing in Removal Proceedings on December 21, 2018, ordering her to appear for an initial master calendar hearing before the immigration court in Arlington, Virginia, on January 2, 2019, at 1:00 p.m.  Ex. O, Hearing Notices for Y.A.L.P.  Y.A.L.P.'s initial master calendar hearing was scheduled for January 2, 2019.  The hearing was continued to January 16, 2019, at Y.A.L.P.'s request for attorney preparation.  *Id.*

79.     Plaintiff Y.A.L.P. is not presently in immigration detention, after she was released on January 11, 2019.  Ex. B, Decl. of Elizabeth Burgus, at 10.

80.     On January 16, 2019, Plaintiff Y.A.L.P.'s master calendar hearing was adjourned and venue was changed to the immigration court in Los Angeles, California, where an initial master calendar hearing is scheduled for January 28, 2020.  Ex. O, Hearing Notices for Y.A.L.P.; Ex. B, Decl. of Elizabeth Burgus, at 10.

81.     Plaintiff Y.A.L.P. remains in pending removal proceedings under 8 U.S.C. § 1229a.

Dated: May 28, 2019                          Respectfully submitted,

                                             JOSEPH H. HUNT
                                             Assistant Attorney General

                                             WILLIAM C. PEACHEY
                                             Director

                                             EREZ REUVENI
                                             Assistant Director

                                             /s/ *Kathryne M. Gray*_____
                                             /s/ *Thomas York*_____
                                             KATHRYNE M. GRAY
                                             THOMAS YORK
                                             FRANCESCA GENOVA
                                             Trial Attorneys
                                             U.S. Department of Justice, Civil Division
                                             Office of Immigration Litigation
                                             District Court Section
                                             P.O. Box 858, Ben Franklin Station
                                             Washington, DC 20044
                                             (202) 305-7386
                                             kathryne.m.gray@usdoj.gov


                                             *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Kathryne M. Gray*
KATHRYNE M. GRAY
U.S. Department of Justice