# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| O.A., *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civil Action No. 1:18-cv-02718-RDM |
| S.M.S.R., *et al.*,<br><br>*Plaintiffs*,<br>  v.<br><br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>  *Defendants*. | Civil Action No. 1:18-cv-02838-RDM |

## O.A. PLAINTIFFS AND S.M.S.R. PLAINTIFFS' RESPONSE TO GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The O.A. Plaintiffs and the S.M.S.R. Plaintiffs write in response to the Government's July 31, 2019 Notice of Supplemental Authority (the "Notice"). *American Federation of Government Employees, AFL-CIO v. Trump* ("*AFGE*"), ___ F.3d ___, No. 18-5289, 2019 WL 3122446 (D.C. Cir. July 16, 2019), breaks no new ground and does not alter the jurisdictional analysis in this case. It does not arise in the immigration context, and does not speak to the central question before this Court: whether Plaintiffs bring claims "arising from any action taken or proceeding brought to remove an alien." 8 U.S.C. § 1252(b)(9).

*AFGE*, like the earlier D.C. Circuit and Supreme Court cases it applies, sets out to determine whether claims are "of the type" that Congress intended to fit within a "special statutory

scheme" limiting the jurisdiction of the federal courts. *AFGE*, at *3–*4 (citing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207, 210 (1994) and *Jarkesy v. S.E.C.*, 803 F.3d 9, 15 (D.C. Cir. 2015), among other authorities). But *before* engaging in this analysis, the court in *AFGE* had *already* determined in the first instance that the special statutory scheme applied to the plaintiffs' claims. *Id.* at *3. Indeed, that issue was not even in dispute on appeal. *Id.*

The Government's Notice skips this first step entirely, moving directly to the second step of the test. But the three-part analysis the Government's Notice invokes comes into play if—and only if—Congress has created a statutory scheme that intends to divest the district courts of jurisdiction. If such a determination is made, then the second step of the analysis examines whether "(1) a finding of preclusion might foreclose all meaningful judicial review; (2) the claims are wholly collateral to the statutory review provisions; and (3) the claims are beyond the expertise of the agency." *Id.* at *3 (citations and alterations omitted). These three factors are "general guideposts useful for channeling the inquiry into whether the particular claims at issue fall outside an overarching congressional design." *Id.* (citing *Jarkesy*, 803 F.3d at 17).

But here, the Court needs no such "general guideposts"—the statute explicitly provides the test that the Court must apply at the outset in determining its own jurisdiction. Congress stated that only those claims which "aris[e] from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9), are subject to jurisdictional channeling. Because Plaintiffs' claims do not fall within the scope of § 1252(b)(9) in the first instance for the reasons explained at length in prior briefing, the Court need go no further in its analysis. The body of case law the Government invokes has no application here.[1]

---

[1] Indeed, the Government has implicitly recognized that the language of § 1252(b)(9) is dispositive by relegating *Thunder Basin* and *Jarkesy*—the two key cases underpinning *AFGE*—to a footnote. *See* Gov't Cross-Mot. for Summ. J. 22 n.8.

2

The Supreme Court's decision in *Jennings v. Rodriguez,* 138 S. Ct. 830, 840–841 (2018) (plurality opinion), confirms the Government's reliance on *AFGE* is entirely misplaced. In *Jennings*, the Supreme Court addressed the exact question this Court faces: whether § 1252(b)(9) barred the Court from hearing the case. *Id.* In concluding it did not, the Court never cited the three-part test from *Thunder Basin*. Rather, it relied on the "arising from" language of § 1252(b)(9) in concluding there was no barrier to jurisdiction.

This Court should do the same. As in *Jennings,* "the legal questions in this case" do not arise from any "action taken to remove an alien." 138 S.Ct. 841 n.3. Rather, they relate to a blanket change to asylum eligibility that bars affected individuals from obtaining asylum in *any* posture. Therefore, the claims do not fall within the scope of § 1252(b)(9).

Dated:  August 2, 2019

Respectfully submitted,

/s/ Thomas G. Hentoff
Thomas G. Hentoff (D.C. Bar No. 438394)
Ana C. Reyes (D.C. Bar No. 477354)
Ellen E. Oberwetter (D.C. Bar No. 480431)
Mary Beth Hickcox-Howard (D.C. Bar No. 1001313)
Charles L. McCloud[*]
Matthew D. Heins (D.C. Bar No. 241063)
Vanessa O. Omoroghomwan[*]
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

Hardy Vieux (D.C. Bar No. 474762)
Patricia Stottlemyer (D.C. Bar No. 888252536)
HUMAN RIGHTS FIRST
805 15th Street, N.W., Suite 900
Washington, D.C. 20005
Tel: (202) 547-5692
Fax: (202) 553-5999

Eleni Rebecca Bakst[*]
Anwen Hughes[*]
HUMAN RIGHTS FIRST
75 Broad Street, 31st Floor
New York, New York 10004
Tel: (212) 845-5200
Fax: (212) 845-5299

Charles George Roth[*]
Keren Hart Zwick (D.D.C. Bar No. IL0055)
Gianna Borroto[*]
Ruben Loyo[*]
NATIONAL IMMIGRANT JUSTICE CENTER
224 Michigan Ave., Suite 600
Chicago, Illinois 60604
Tel: (312) 660-1370
Fax: (312) 660-1505

*Attorneys for O.A. Plaintiffs*

---

[*] Pursuant to LCvR 83.2(g).

4

Manoj Govindaiah
RAICES, INC.
1305 N. Flores Street
San Antonio, TX 78212
Telephone: (210) 222-0964
Facsimile: (210) 212-4856
manoj.govindaiah@raicestexas.org

*Counsel for Plaintiff Refugee and Immigrant Center for Education and Legal Services, Inc.*

Adina Appelbaum* (Bar No. 1026331)
CAPITAL AREA IMMIGRANTS'
RIGHTS COALITION
1612 K Street NW, Suite 204
Washington, DC 20006
Telephone: (202) 899-1412
Facsimile: (202) 331-3341
adina@caircoalition.com

*\*Admitted pro hac vice*

*Counsel for Plaintiff Capital Area Immigrants' Rights Coalition*

By: /s/ Justin W. Bernick

Neal K. Katyal (Bar No. 462071)
T. Clark Weymouth (Bar No. 391833)
Craig A. Hoover (Bar No. 386918)
Justin W. Bernick (Bar No. 988245)
Zachary W. H. Best (Bar No. 1003717)
Mitchell P. Reich (Bar No. 1044671)
Elizabeth Hagerty (Bar No. 1022774)
Kaitlin Welborn (Bar. No. 88187724)
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
neal.katyal@hoganlovells.com
t.weymouth@hoganlovells.com
craig.hoover@hoganlovells.com
justin.bernick@hoganlovells.com
zachary.best@hoganlovells.com
mitchell.reich@hoganlovells.com
elizabeth.hagerty@hoganlovells.com
kaitlin.welborn@hoganlovells.com

Thomas P. Schmidt*
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-5547
Facsimile: (212) 918-3100
thomas.schmidt@hoganlovells.com

*\*Admitted pro hac vice*

*Counsel for S.M.S.R. Plaintiffs*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 2, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system. Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                            /s/ Thomas G. Hentoff
                                            Thomas G. Hentoff (D.C. Bar No. 438394)